**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

_____

ESTATE OF SEYMOUR KRINSKY,
By Its Personal Representative, Sharon Brown,

Plaintiff,

v.

THE GIII ACCUMULATION TRUST, SEYMOUR
KRINSKY INSURANCE TRUST, and MLF
LEXSERV LP,

Defendants.

_____

**Case No. 22-cv-80059-AHS**

## <u>DEFENDANT'S MOTION TO DISMISS</u>

John Houston Pope
Fla Bar No. 968595
Epstein Becker & Green PC
1 Beach Drive SE, Suite 303
St. Petersburg, FL 33701
Phone: 212.351.4500
Fax:   212.878.8600

Janene M. Marasciullo (*pro hac vice*)
Epstein Becker & Green PC
875 Third Avenue
New York, NY 10017
Phone: 212.351.3700
Fax: 212.878.8600

Carol Faherty (*pro hac vice*)
Epstein Becker & Green PC
One Landmark Square
Stamford, CT 06901
Phone: 203.326.7408
Fax:203.326.7580
Email: cfaherty@ebglaw.com

Attorney for Defendant LexServ

**Table of Contents**

**Page(s)**

PRELIMINARY STATEMENT ......................................................................................... 1

II.    THE ALLEGATIONS OF THE COMPLAINT .......................................................... 2

III.    ARGUMENT .......................................................................................................... 3

    A.    The Complaint Should Be Dismissed For Lack of Personal Jurisdiction...................... 3

        1.    There is No Basis For Jurisdiction Under Florida's Long Arm Statute .................... 4

            a.    LexServ is Not Operating a Business in Florida........................................ 5

            b.    There is No Causal Nexus Between LexServ's Florida Activities and Plaintiff's Claim ................................................................................................. 6

        2.    Exercising Jurisdiction Over LexServ Would Violate the Due Process Clause ......... 7

            a.    Plaintiff's Claim Does Not Arise Out of LexServ's Florida Contacts .................. 8

            b.    LexServ Has Not Availed Itself of the Privilege of Doing Business in Florida ..... 8

            c.    Exercising Jurisdiction Over LexServ Would Violate Notions of Fair Play .......... 9

    B.    The Court Should Dismiss the Complaint for Failure to State a Claim for Relief ....... 10

        1.    Standard of Review ........................................................................................ 10

        2.    Plaintiff Has Not Stated a Statutory Claim for Relief.......................................... 10

            a.    The Policy is Not Governed by Delaware Law ...................................... 11

            b.    The Florida Statute is Not Retroactive................................................ 12

            c.    Krinsky Had an Insurable Interest in His Life ...................................... 14

            d.    The Complaint Does Not Allege Facts That Allow a Reasonable Inference that LexServ is Liable for the Death Benefit ................................................ 15

        3. Plaintiff Cannot Resuscitate its Fatally Flawed Statutory Claim by Asserting that LexServ is Vicariously Liable for the Payee ............................................... 16

    CONCLUSION..................................................................................................... 18

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Accurate Ins. Group Corp. v. Accurate Ins. Services, Inc.*,
   14-22381-CIV, 2015 WL 11233072 (S.D. Fla. Mar. 2, 2015) ................................................6

*Aegis Defense Servs., LLC v. Gilbert*,
   222 So. 3d 656 (Fla. 5th DCA 2019) .......................................................................................7

*Am. Bankers Ins. Group v. U.S.*,
   408 F. 3d 1328 (11th Cir. 2005) ............................................................................................17

*Amer. United Life Ins. Co. v. Martinez*,
   480 F.3d 1043 (11th Cir. 2007) ......................................................................................11, 12

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ...................................................................................................... 	*passim*

*Atkinson v. Wal-Mart Stores, Inc.*,
   8:08-CV-691-T-30TBM, 2009 WL 1458020 (M.D. Fla. May 26, 2009) ...............................13

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ......................................................................................................10, 16

*Braman Motors, Inc. v. BMW of N. Am., LLC*,
   17-CV-23360, 2019 WL 7759096 (S.D. Fla. Sept. 30, 2019) .................................................7

*Bristol-Myers Squibb Co. v. Superior Court of Cal., S.F. Cnty.*,
   137 S.Ct. 1773 (2017) ..............................................................................................................8

*Burlington Indus. Inc. v. Ellerth*,
   524 U.S. 742 (1998) ..............................................................................................................17

*Canale v Rubin*,
   20 So.3d 463 (Fla. 2d DCA 2009) ...................................................................................5, 6, 7

*Carmouche v. Tamborlee Mgmt., Inc.*,
   789 F.3d 1201 (11th Cir. 2015) .........................................................................................4, 7

*Catalyst Pharm., Inc. v. Fullerton*,
   748 Fed. Appx. (11th Cir. 2018) .............................................................................................3

*Crowell v. Clay Hyder Trucking Lines, Inc.*,
   700 So. 2d 120 (Fla. 2d DCA 1997) .....................................................................................17

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014)....................................................................................................4, 8

*Day v. Taylor*,
    400 F.3d 1272 (11th Cir. 2005) ...........................................................................10

*Diamond Crystal Brands, Inc. v. Food Movers Int'l. Inc.*,
    593 F.3d 1249 (11th Cir. 2010) ..............................................................................9

*Est. of Malkin v. Wells Fargo Bank N.A.*,
    379 F. Supp. 3d 1263 (S.D. Fla. 2019), *aff'd in part, vacated in part, question
    certified*, 998 F.3d 1186 (11th Cir. 2021) ..................................................... *passim*

*Fisher v. Townsends, Inc.*,
    695 A.2d 53 (Del. 1997) ......................................................................................18

*Florida Ins. Guar. Ass'n., Inc. v. Devon Neighborhood Ass'n., Inc.*,
    67 So. 3d 187 (Fla. 2011)....................................................................................13

*Future Tech. Today, Inc. v. OSF Healthcare Sys.*,
    218 F.3d 1247 (11th Cir. 2000) .................................................................6, 7, 8, 9

*Grupo Televisa, S.A. v. Telemundo Comms. Group, Inc.*,
    485F.3d 1233, 1239 (11th Cir. 2007) .................................................................11

*Horizon Aggressive Growth, L.P v. Rothstein-Kass P.A.*,
    421 F.3d 1162 (11th Cir. 2005) .........................................................................5, 6

*Hunt v. Amico Props., L.P.*,
    814 F.3d 1213 (11th Cir. 2016) .............................................................10, 15, 16

*Island Wifi Ltd., LLC v. AT&T Mob. Nat'l. Accts.*
    1:20-CV-23741-WPD, 2021 WL 210536 (S.D. Fla. Jan. 19, 2021)........................7

*Klaxon Co. v. Stentor Elec. Mfg. Co.*,
    313 U.S. 487 (1941)............................................................................................11

*Louis Vuitton Malletier, S.A. v. Mosseri*,
    736 F.3d 1339 (11th Cir. 2013) ................................................................3, 4, 7, 8

*Menendez v. Progressive Exp. Ins. Co.*,
    35 So. 3d 875 (Fla. 2010)..............................................................................13, 14

*Noon v. Carnival Corp*.
    18-23181-CIV, 2019 WL 2254924 (S.D. Fla. Feb. 1, 2019)..................................17

*PHL Var. Ins. Co. v. Price Dawe 2006 Ins. Tr., ex. rel. Christiana Bank and Tr.
    Co.*,
    28 A.3d 1059 (Del. 2011) ..........................................................................14, 15, 17

*Snow v. DirectTV,Inc.*,
    450 F.3d 1314 (11th Cir. 2006) ...........................................................7

*Stonepeak Partners, LP v. Tall Tower Capital, LLC*,
    231 So. 3d 548 (Fla. 2d DCA 2017) .......................................4, 5, 6, 7

*Storm v. Carnival Corp.*,
    2020 WL 7415835 (S.D. Fla. Dec. 18, 2020) ........................................3

*Sun Life Assur. Co. of Can. v. Imperial Premium Fin., LLC*,
    904 F.3d 1197 (11th Cir. 2018) .....................................................11, 12

*Trepko,Inc. v. Golden W. Trading, Inc.*,
    8:20-CV-464-CEH-JSS, 2021 WL 424347 (M.D. Fla. Feb. 8, 2021) ..............6, 8, 9

*United Techs. Corp. v. Mazer*,
    556 F.3d 1260 (11th Cir. 2009) ...........................................................3

*Wells Fargo Bank, N.A. v. Pruco Life Ins.*,
    200 So. 3d 1202 (Fla. 2016)................................................................14

*Wilmington Tr., N.A. v. Lincoln Benefit Life Co.*,
    17-23669-CIV, 2018 WL 6308687....................................11, 12, 14

**Statutes**

Del. Code § 2704(a) ..................................................................................14

Del. Code § 2704(b).......................................................................... *passim*

Fla. Stat. § 48.193 .........................................................................................4

Fla. Stat. § 627.404 (1991)...................................................................12, 13

Fla. Stat. § 627.404(1).................................................................................14

Fla. Stat. § 627.404(4) ...................................................................... *passim*

Fla. Stat. § 627.404(b)(1)............................................................................14

**Other Authorities**

Federal Rules of Civil Procedure Rule 12(b)(2) and Rule 12(b)(6) ..........1, 19

Restatement of Agency ...............................................................................17

Rule 12(b)(2) .............................................................................................1, 3

Rule 12(b)(6)..............................................................................................2, 9

United States Constitution Fourteenth Amendment Due Process Clause ......................................3

## PRELIMINARY STATEMENT

Pursuant to Rule 12(b)(2) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant, MLF LexServ LP, now known as LexServ, LLC, ("LexServ"), respectfully requests the Court to dismiss the Complaint filed by the Estate of Seymour Krinsky("Plaintiff").  In support of this Motion, LexServ relies on the Complaint and the Declaration of Mario Coniglio and its supporting Exhibits A and B.  There is good cause for LexServ's Motion to Dismiss.

Plaintiff seeks to recover the death benefit on an insurance policy ("the Policy") issued on the life of decedent Seymour Krinsky, ("Krinsky"), which Krinsky then sold to Deutsche Bank or one of Deutsche Bank's Accumulation Trusts.  Compl. ¶¶ 26 - 30.  The Complaint does not assert that LexServ played any role in the issuance of the Policy or that LexServ owned the Policy or received the Policy's death benefit.  *Id.* ¶¶ 6-30, 32, 41.  Nonetheless, Plaintiff asserts that it may recover the Policy's death benefit because the Policy was issued without an insurable interest in Krinsky's life and Delaware's insurable interest statute, 18 Del. Code § 2704(b), ("the Delaware Statute"),  allows it to *"recover the death benefit from the recipient."* Compl. ¶37 (emphasis added).  The Court should dismiss the Complaint against LexServ for several reasons.

First, the Court should dismiss the Complaint pursuant to Rule 12(b)(2) for lack of personal jurisdiction.  The Complaint admits that LexServ is a limited liability company, which is incorporated in Delaware and maintains its principal place of business in Bethesda, Maryland. (*Id.* ¶ 8).  The Complaint does not allege that LexServ had an office or employees in Florida.  Rather, it asserts that LexServ contacted Krinsky's family members who live in Florida and "requested and obtained a copy of Mr. Krinsky's death certificate" from Florida authorities.  *Id.* ¶ 10.   These isolated contacts do not support the exercise of jurisdiction over LexServ under either the Florida Long Arm Statute or the Due Process Clause.

Second, the Court should dismiss the Complaint pursuant to Rule 12(b)(6) because it fails to state a claim for relief. As explained below, Plaintiff has not pled sufficient facts to warrant the application of Delaware law to this dispute. The analogous Florida insurable interest statute, Fla. Stat. § 627.404(4), ("the Florida Statute"), was enacted in 2008 and does not apply retroactively. Further, Plaintiff has not and cannot state a claim against LexServ under either the Delaware or Florida Statute. Both Statutes create a right of recovery against "the beneficiary, assignee or other payee" who received the Policy's death benefit. 18 Del. Code §2704(b); Fla. Stat. § 627.404(4). However, the Complaint alleges that Deutsche Bank, not LexServ, received the death benefit. Compl. ¶¶ 32, 41. This allegation defeats Plaintiff's claim against LexServ. *See e.g., Est. of Malkin v. Wells Fargo Bank N.A.,* 379 F. Supp. 3d 1263, 1273, 1279 (S.D. Fla. 2019), *aff'd in part, vacated in part, question certified,* 998 F.3d 1186 (11th Cir. 2021). Finally, Plaintiff cannot resuscitate its fatally flawed statutory claim by arguing that LexServ is "vicariously liable" for a principal that received the death benefit. Compl. ¶ 41. This assertion is contrary to the plain language of both Statutes and the doctrine of vicarious liability. The Complaint thus fails as a matter of law.

## II.   THE ALLEGATIONS OF THE COMPLAINT

The case arises out of Krinsky's decision to work with Deutsche Bank and others to obtain the Policy in 2006. Compl. ¶¶ 20-30. Krinsky allegedly obtained the Policy in 2006 while he was living in Boca Raton Florida. *Id.* ¶¶ 25-26. Plaintiff does not identify the carrier that issued the Policy or its account number.

Importantly, Plaintiff does not allege that LexServ played any role in the 2006 transaction. *Id.* ¶¶ 20-30. Rather, Plaintiff alleges that LexServ, "acting . . . as an agent of its principals" serviced and maintained the Policy and monitored Krinsky's health. *Id.* ¶ 11. Plaintiff asserts "upon information and belief" that, *after Krinsky's death in 2021, LexServ may*

have requested or obtained a copy of Mr. Krinsky's death certificate.  *Id.* ¶ 11.  Plaintiff

acknowledges that LexServ was acting on behalf of its principal when it requested the death

certificate.  *Id.* ¶¶ 11, 32, 41.  Plaintiff does not allege that LexServ received the death benefit.

Rather, Plaintiff alleges that *Deutsche Bank received the death benefit*.  *Id.* ¶ 32.  Thus, LexServ

was not involved in the events that gave rise to Plaintiff's claims.

Further, Plaintiff does not assert that LexServ has an office, employees, or any presence

in Florida.  In fact, LexServ does not have any office or employees in Florida.  Coniglio Dec. ¶ 5.

## III.    ARGUMENT

### A.  The Complaint Should Be Dismissed For Lack of Personal Jurisdiction

When confronted with a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction,

a "federal court sitting in diversity," must determine whether that the exercise of personal

jurisdiction is "appropriate under the state long-arm statute," and consistent with "the Due

Process Clause of the Fourteenth Amendment to the United States Constitution*." United Techs.

Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009).  "[P]laintiff 'bears the initial burden of

alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction.'"

*Catalyst Pharm., Inc. v. Fullerton*, 748 Fed. Appx., 944, 946 (11th Cir. 2018); *accord Louis

Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013).

Plaintiff cannot satisfy this obligation with "vague and conclusory allegations."  *Catalyst

Pharm.,* 748 Fed. Appx. at 946.  Rather, Plaintiff must make "allegations 'with reasonable

particularity' that there is the possible existence of sufficient 'contacts between [the defendant]

and the forum state.'"  *Storm v. Carnival Corp.*, 2020 WL 7415835 at *1 (S.D. Fla. Dec. 18,

2020)(citations omitted).  As explained below, Plaintiff has not met either burden.

1.      **There is No Basis For Jurisdiction Under Florida's Long Arm Statute**

"The reach of Florida's Long-Arm Statute 'is a question of Florida law,'" and therefore, "this Court is required to apply the [Long-Arm] statute 'as would the Florida Supreme Court.'" *Louis Vuitton*, 736 F.3d at 1352 *quoting United Techs. Corp,* 556 F.3d at 1274.  It is well-settled that Florida's Long-Arm statute must "be strictly construed in favor of the nonresident defendant."  *Stonepeak Partners, LP v. Tall Tower Capital, LLC,* 231 So. 3d 548, 552 (Fla. 2d DCA 2017).  The Complaint does not establish jurisdiction under Florida's Long-Arm Statute.

Plaintiff alleges that this Court has specific jurisdiction over LexServ,[1] but does not identify any section of Florida's Long Arm Statute, (Fla. Stat. § 48.193), which authorizes jurisdiction over LexServ.  Compl. ¶ 11.  Because Plaintiff asserts a statutory claim, the only possible source of jurisdiction over LexServ is Section 48.193(1)(a)(1),[2] which authorizes jurisdiction when a cause of action "aris[es] from" the defendant "[o]perating, conducting, engaging in, or carrying on a business" in Florida "or having an office or agency in this state." LexServ does not have an office in Florida.  Coniglio Dec. at ¶ 5. Therefore, to establish jurisdiction under Section 48.193(1)(a)(1), Plaintiff must demonstrate that LexServ is operating a business in Florida *and* "a causal connection between defendant's activities in Florida and the

---

[1] Plaintiff does and cannot allege that this Court has general jurisdiction over LexServ.  LexServ is incorporated in Delaware and has its principal place of business in Maryland. Hence, it cannot be fairly "regarded as at home," in Florida and is not subject to general jurisdiction in Florida. *Daimler AG v. Bauman,* 571 U.S. 117, 137-38 (2014); *Carmouche v. Tamborlee Mgmt., Inc.,* 789 F.3d 1201, 1204 (11th Cir. 2015).

[2] Plaintiff's statutory claim does not authorize jurisdiction over LexServ under: (1) Section 48.193(1)(a)(2) or (1)(a)(6) because it is not a tort claim; (2) Section 48.193(a)(3) because it does not concern a mortgage or lien on property in Florida; (3) Section 48.193(1)(4) because it is not a claim for an injury to a person or property in Florida; (4) Sections 48.193(1)(a)(7) or (9) because it does not allege a breach of a contract; or (5)  Sections 48.193(1)(a)(5) or (1)(a)(8) because it is not a domestic relations or paternity dispute.

plaintiff's cause of action, a requirement known as 'connexity.'" *Canale v Rubin,* 20 So.3d 463, 466 (Fla. 2d DCA 2009) *citing Wendt v. Horowitz,* 822 So.2d. 1252, 1260 (Fla. 2002); *Stonepeak,* 231 So.3d at 552.  Plaintiff has not alleged sufficient facts to demonstrate that LexServ is operating a business in Florida or that Plaintiff's claims arise from LexServ's activities in Florida.

a.     <strong>LexServ is Not Operating a Business in Florida</strong>

To demonstrate that a "non-resident defendant is 'carrying on business,'" within the meaning of Section 48.193(1)(a)(1), Plaintiff must "show a general course of business activity in the state for pecuniary benefit."  *Stonepeak,* 231 So. 3d at 555; *accord Horizon Aggressive Growth, L.P v. Rothstein-Kass P.A.,* 421 F.3d 1162, 1167 (11th Cir. 2005).  To determine whether a non-resident defendant is "carrying on a business" in Florida, the court considers:  "(1) the presence and operation of an office in Florida; (2) the possession and maintenance of a license to do business in Florida; (3) the number of Florida clients served; and (4) the percentage of overall revenue gleaned from Florida clients."  *Stonepeak,* 231 So. 3d at 555 (internal quotation marks omitted).  Although these factors are relevant, none are dispositive.  *Horizon Aggressive Growth*, 421 F.3d at 1167.

The Complaint does not allege facts that suggest LexServ was engaged in a "general course of business activity in" Florida.  It does not assert that LexServ had offices, clients, employees or a license in Florida.  It does not allege that LexServ had a contractual relationship with Mr. Krinsky.  Instead, the Complaint asserts that LexServ had sporadic contacts with Mr. Krinsky's family to monitor his health status and that, "upon information and belief," it may have obtained a copy of his death certificate.  Compl. ¶ 10.  Plaintiff's speculative allegations are insufficient to demonstrate that LexServ was "conducting business" in Florida.

Firm:55628776v1

Indeed, it is well-settled that "telephone discussions" and "[e]lectronic communications from out-of-state offices into Florida do not establish conducting business in Florida," even where there is a large amount of such communications.  *Stonepeak,* 231 So. 3d at 556; *accord Trepko,Inc. v. Golden W. Trading, Inc.,* 8:20-CV-464-CEH-JSS, 2021 WL 424347 (M.D. Fla. Feb. 8, 2021) at \*4 (numerous communications to an office in Florida did not amount to carrying on a business); *see also Accurate Ins. Group Corp. v. Accurate Ins. Services, Inc.,* 14-22381-CIV, 2015 WL 11233072, at \* 2 (S.D. Fla. Mar. 2, 2015) (correspondence and email negotiations with a Florida plaintiff is not conducting business in Florida).  Likewise, providing professional services from another state, as happened here, or electronically accessing Florida-based computer files, like a death certificate, from another state is insufficient to demonstrate a general course of business in Florida. *Horizon Aggressive Growth,* 421 F.3d at 1167; *Future Tech. Today, Inc. v. OSF Healthcare Sys.,* 218 F.3d 1247, 1249-51 (11th Cir. 2000).  Hence, LexServ was not conducting business in Florida.  *Future Tech.,* 218 F.3d 1249-50.

> ### b.    There is No Causal Nexus Between LexServ's Florida Activities and Plaintiff's Claim

Furthermore, Plaintiff has not demonstrated the required "causal connection between [LexServ's] activities in Florida and the plaintiff's cause of action."  *Canale,* 20 So. 3d at 466 *citing Wendt v. Horowitz,* 822 So. 2d. at 1260; *Stonepeak,* 231 So. 3d at 552.  Plaintiff's statutory claim arises entirely out of the 2006 transactions, which purportedly led to the issuance of an insurance policy without an insurable interest. Compl. ¶¶ 20-28.  However, Plaintiff does not allege that LexServ played any role in those transactions.  *Id.*  Instead, Plaintiff alleges that some time after those transactions, LexServ monitored Mr. Krinsky's health and 15 years later, in 2021, LexServ obtained a death certificate from the State of Florida.  *Id.* ¶ 10.

There is no causal nexus, however, between the 2006 events, which give rise to Plaintiff's claim and LexServ's sporadic communications with Krinsky and its request for a death certificate.  Thus, there is no "plausible allegation of a causal connection – that 'but for' [LexServ's] actions in the forum, the plaintiff would not have been injured." *Braman Motors, Inc. v. BMW of N. Am., LLC,* 17-CV-23360, 2019 WL 7759096 at *6 (S.D. Fla. Sept. 30, 2019). In sum, there is no "causal nexus between [LexServ's] activities [in Florida] and plaintiff's cause of action," and this prevents the exercise of specific jurisdiction. *Canale,* 20 So.3d at 466; *Stonepeak,* 231 So. 3d at 552; *Aegis Defense Servs., LLC v. Gilbert,* 222 So. 3d 656, 661 (Fla. 5th DCA 2019); *Island Wifi Ltd., LLC v. AT&T Mob. Nat'l. Accts.* 1:20-CV-23741-WPD, 2021 WL 210536 at * 2 (S.D. Fla. Jan. 19, 2021).

**2.      Exercising Jurisdiction Over LexServ Would Violate the Due Process Clause**

"Because [LexServ] is not subject to jurisdiction under Florida's long-arm statute, [this Court] need not address whether the Due Process Clause permits [the exercise of] jurisdiction" over LexServ. *Snow v. DirectTV, Inc.*, 450 F.3d 1314, 1319 (11th Cir. 2006).  However, Plaintiff has not alleged facts that demonstrate that the Due Process Clause allows the exercise of specific jurisdiction over LexServ. *Future Tech.,* 218 F.3d 1249-51; *Louis Vuitton,* 736 F.3d at 1355; *Carmouche v. Tamborlee Mgmt., Inc.,* 789 F.3d 1201, 1204 (11th Cir. 2015)

The Eleventh Circuit has articulated a "three-part due process test," which requires analysis of  (1) "whether the plaintiff's claims 'arise out of or relate to' at least one of defendant's contacts with the forum;"  (2) whether the defendant "'purposefully availed' [itself] of the privilege of conducting activities within the forum state, thus invoking the benefit of [its] laws," and (3) whether the exercise of jurisdiction "comports with 'traditional notions of fair play and substantial justice.'" *Louis Vuitton,* 736 F.3d at 1355.  "[P]laintiff bears the burden of establishing the first two prongs," and if plaintiff carries this burden, the defendant must

demonstrate that "exercise[ing] jurisdiction would violate traditional notions of fair play and substantial justice." *Id.* Here, Plaintiff has not carried its burden on the first two prongs.

        **a.**      **Plaintiff's Claim Does Not Arise Out of LexServ's Florida Contacts**

"'A fundamental element of the specific jurisdiction calculus is that plaintiff's claim[s] must arise out of or relate to at least one of the defendant's contacts with the forum.'" *Louis Vuitton,* 736 F.3d at 1355; *accord Bristol-Myers Squibb Co. v. Superior Court of Cal., S.F. Cnty.*, 137 S.Ct. 1773, 1780 (2017). Thus, "a defendant's general connections with the forum are not enough" to establish specific jurisdiction. *Bristol-Myers*, 137 S.Ct. at 1781. Rather, defendant's in-state activities must "g[i]ve rise to the liabilities sued on." *Daimler A.G. v. Bauman,* 571 U.S. 117, 126 (2014). Indeed, "even regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales." *Bristol-Myers*, 137 S.Ct. at 1781.

As explained above, Plaintiff's claim does not arise out LexServ's contacts with Florida. Rather, it arises entirely out of a 2006 transaction, in which LexServ admittedly played no part. Compl. ¶¶ 20-30. Therefore, exercising specific jurisdiction over LexServ would violate the Due Process Clause. *Bristol-Myers*, 137 S. Ct. at 1781; *Louis Vuitton,* 736 F.3d at 1355.

        **b.**      **LexServ Has Not Availed Itself of the Privilege of Doing Business in Florida**

Plaintiff has not alleged any facts that suggest that LexServ availed itself of the privilege of doing business in Florida. Plaintiff does not allege that LexServ has an office, employees, or a license in Florida. In fact, it does not. Coniglio Dec. ¶ 5. Rather, Plaintiff alleges that LexServ communicated with a Florida resident and obtained a death certificate, from its principal place of business in Maryland. Compl. ¶ 10.

LexServ's sporadic communications from its offices outside of Florida are plainly insufficient to demonstrate that LexServ availed itself of the privilege of doing business in

Florida.  Indeed, the Eleventh Circuit has found that transmitting information over communication lines, without any presence in Florida, does not amount to purposeful availment of the privilege of doing business in Florida.  *Future Tech,* 218 F.3d at 1251.  Similarly, in *Trepko,* 2021 WL 424347 at *7, the court found that an "on-line connection coupled with a requirement that payment be made in Florida will not support personal jurisdiction."  These cases preclude a finding of jurisdiction over LexServ based on Plaintiff's allegations.[3]

> ### c.   Exercising Jurisdiction Over LexServ Would Violate Notions of Fair Play

Because the Complaint does not allege that LexServ had "minimum contacts" with the state of Florida, it is clear that "the exercise of jurisdiction would not comport with 'fair play and substantial justice.'"  *Trepko,* 2021 WL 424347 at * 8 *citing Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623 (11th Cir. 1996) at 631.  Indeed, it would be extremely burdensome for LexServ, which has "no office, agents, or business in Florida," to defend an action in Florida, particularly where none of the employees who spoke with Mr. Krinsky are in Florida.  *Trepko,* 2021 WL 424347 at * 8.  Further, Florida does not have a strong interest in hailing defendants into its courts based on telephonic service arrangements without some evidence of presence in Florida.  *Future Tech,* 218 F.3d at 1251.

In sum, the Court should dismiss the Complaint against LexServ because neither Florida's Long-Arm Statute nor the Due Process Clause permit the exercise of jurisdiction over LexServ.

---

[3] LexServ did not owe any contractual obligation to Krinsky and the absence of a contractual obligation in Florida weighs against exercising jurisdiction over LexServ.  *Diamond Crystal Brands, Inc. v. Food Movers Int'l. Inc.,* 593 F.3d 1249, 1270 (11th Cir. 2010).

### B.  The Court Should Dismiss the Complaint for Failure to State a Claim for Relief

#### 1.  Standard of Review

When reviewing a Rule 12(b)(6) motion to dismiss, a court must accept the factual

allegations of a complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  However, a court

is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556

U.S. at 678.  Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S.

at 678; *Hunt v. Amico Props., L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, 556 U.S. at 678; *Hunt*, 814 F.3d at 1221. Thus, this Court should dismiss the complaint if

it does not contain sufficient factual content to "nudge[] [its]claims across the line from

conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), or to "permit

the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

Further, this Court may "dismiss a complaint on a dispositive issue of law." *Day v. Taylor,* 400

F.3d 1272, 1275 (11th Cir. 2005).

When the Court reviews the Complaint in accordance with these principles, it is clear that

Plaintiff's claims against LexServ fail to state claims upon which relief can be granted.

#### 2.       Plaintiff Has Not Stated a Statutory Claim for Relief

To state a claim under the Delaware Statute, Plaintiff must allege: (1) that the Policy is

subject to Delaware law; (2) that the Policy "was made in violation of" the Delaware Statute; and

(3) that LexServ actually received the death benefit.  18 Del. Code § 2704(b); *Estate of Malkin*,

379 F. Supp. 3d at 1272.  Plaintiff's Complaint fails for several reasons.  First, the Complaint

does not allege sufficient facts to support the legal conclusion that the Policy is governed by

Delaware law.   Thus, Plaintiff must look to the analogous Florida Statute, (Fla. Stat. § 627.404(4)), for relief.   However, the Florida Statute was not in effect at the time Mr. Krinsky purchased the Policy in 2006 and it does not apply retroactively. Third, even if Delaware Statute applied, or the Florida Statute applied retroactively, and they do not, Plaintiff has not alleged sufficient facts to raise a plausible claim that the Policy was issued without an insurable interest as required by the Delaware and Florida Statutes or that LexServ received the death benefit, which is a prerequisite to recovery under both the Delaware and Florida Statutes.

> ### a.   The Policy is Not Governed by Delaware Law

It is well-settled that a "party relying on foreign law must plead and prove it." *Sun Life Assur. Co. of Can. v. Imperial Premium Fin., LLC,* 904 F.3d 1197, 1208 (11th Cir. 2018).   Here, Plaintiff asserts that the Policy "is controlled and subject to Delaware law" because it "was issued and delivered to the Delaware trustee of the Insurance Trust in Wilmington, Delaware." Compl. ¶ 34.   However, Plaintiff's allegation that Delaware law governs the Policy is a legal conclusion,[4] which this Court is not bound to accept.   *Iqbal*, 556 U.S. at 678.   Further, Plaintiff has not alleged facts that establish that Delaware law governs the Policy.   To the contrary, Plaintiff's legal conclusion is based on a misstatement of the controlling law.

A federal court sitting in diversity must follow the choice of law rules of the forum, and thus, this Court must follow Florida's conflict of law rules.   *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496 (1941).   In the absence of a specific contractual choice of law clause, Florida's conflict rules require courts to "apply *lex loci contractus,* or the law of the state where the contract was made." *Amer. United Life Ins. Co. v. Martinez,* 480 F.3d 1043, 1059 (11th Cir. 2007).   "When the contract deals with an insurance policy, the *locus contractus* is generally the

---

[4]  It is well-settled that "[a] conflict-of-laws issue presents a legal question."  *Grupo Televisa, S.A. v. Telemundo Comms. Group, Inc.*, 485 F.3d 1233, 1239 (11th Cir. 2007).

state *where the insured executed the insurance application*." *Id.* (emphasis added); *accord Sun Life,* 904 F.3d at 1208.   Indeed, in *Wilmington Tr., N.A. v. Lincoln Benefit Life Co.,* 17-23669-CIV, 2018 WL 6308687 at ** 3-5 (S.D. Fla. Sept. 20, 2018), this Court found, as a matter of law, that absent an express choice of law provision,  the law of the jurisdiction where the insured person signs the insurance application governs the insurance policy.

Plaintiff does not allege that the Policy has a Delaware choice of law clause.  Thus, the controlling question is where Krinsky, the insured, executed the Application.  *Martinez,* 480 F.3d at 1059*; Sun Life,* 904 F.3d at 1208.  The Complaint alleges that Krinsky, the insured, was "living in Boca Raton, Florida" when he obtained the Policy, but does not state where Krinsky executed the Policy application.  Compl. ¶ 25.  Instead, it alleges that the Policy "is controlled by and subject to Delaware law" because it "was issued and delivered to the Delaware trustee of the Insurance Trust in Wilmington, Delaware."  Compl. ¶ 34.  However, the relevant inquiry is where Krinsky executed the Policy application.  *Sun Life,* 904 F.3d at 1208; *Martinez,* 480 F.3d at 1059; *Wilmington Tr.,* 2018 WL 6308687 at ** 3-5.  The Complaint alleges that Krinsky was living in Florida when he obtained the Policy, Florida, Compl. ¶ 25, which indicates that the Policy is governed by Florida law, not Delaware law.  *Sun Life,* 904 F.3d at 1208; *Martinez,* 480 F.3d at 1059; *Wilmington Trust,* 2018 WL 6308687 at ** 3-5.

Accordingly, Plaintiff must look to the Florida Statute for any right of recovery.  However, Plaintiff's claim against LexServ fails under both Statutes.

### b.       The Florida Statute is Not Retroactive

In 2008, the Florida legislature amended the Florida Statute, (Fla. Stat. § 627.404), by adding Subsection (4), which creates a cause of action that allows an estate to recover the death benefit paid on a policy that lacked an insurable interest when issued.  The 1991 version of the statute, which was in effect when Mr. Krinsky purchased the Policy in 2006, did not provide

such a cause of action.  *Compare* Fla. Stat. § 627.404 (1991) *with* Fla. Stat. § 627.404 (2008).

The legislative history notes the 1991 version of the statute had only two subsections, and that

the 2008 amendment created a new cause of action that "provided a right of recovery against any

person that receives insurance policy benefits if that person did not have an insurable interest in

the insured."  *See* Fla. Stat. Ann. S.B. 648 § V.B (March 11, 2008).  The United States District

Court for the Middle District of Florida has already concluded that this amendment does not

apply retroactively.  *Atkinson v. Wal-Mart Stores, Inc.,* 8:08-CV-691-T-30TBM, 2009 WL

1458020 at *3 and n. 7 (M.D. Fla. May 26, 2009) *question certified,* 349 Fed. Appx. 426 (11th

Cir. 2009).[5]  Further, Florida Supreme Court decisions prohibit retroactive application of the

Florida Statute.

Under Florida law, "the statute in effect at the time an insurance contract is executed

governs substantive issues arising in connection with that contract."  *Menendez v. Progressive*

*Exp. Ins. Co.,* 35 So. 3d 875, 876 (Fla. 2010).  Indeed, a court cannot apply a statute retroactively

unless the legislature intended the amendment to be retroactive and retroactive application does

not offend any constitutional principle. *Menendez,* 35 So. 3d at 877; *Florida Ins. Guar. Ass'n.,*

*Inc. v. Devon Neighborhood Ass'n., Inc.,* 67 So. 3d 187, 194-96 (Fla. 2011).

The legislation amending the Florida Statute plainly states that it is "effective July 1,

2008."  Fla. Stat. § 627.404.  This demonstrates that the legislature did not intend the statute to

apply retroactively.  *Florida Ins. Guar. Ass'n., Inc., Inc.,* 67 So. 3d at 196-97.  Further, because

Section 627.404(4) created a new cause of action, it "create[s] new substantive rights [and]

impos[es] new legal burdens," which precludes retroactive application.  *Florida Ins. Guar.*

---

[5] The Florida Supreme Court did not issue a decision in *Atkinson.*  However, its subsequent decisions in *Menendez,* 35 So. 3d 875 and *Florida Ins. Guar. Ass'n,* 67 So. 3d 187, demonstrate that Section 627.404(4) cannot be given retroactive effect.

*Ass'n,* 67 So. 3d at 194; *Menendez,* 35 So. 3d at 877-79.  Hence, the 2008 amendment is not

retroactive, and thus, does not provide a cause of action to Plaintiff.

### c.        Krinsky Had an Insurable Interest in His Life

Further, Plaintiff cannot state a claim under the Florida Statute or the Delaware Statute

because they provide a cause of action only if the insurance contract was procured by one who

did not have an insurable interest in the insured at the time the contract was made.  Fla. Stat. §

627.404(4); 18 Del. Code § 2704(b).   However, Mr. Krinsky had an insurable interest in his life.

Indeed, under Florida and Delaware law, a person always has an insurable interest in his or her

own life.  Fla. Stat. § 627.404(b)(1);[6] 18 Del. Code § 2704(a).

Under the Florida Statute, that is the end of the inquiry because "[t]he insurable interest

*need not exist after the inception date of coverage."*  Fla. Stat. § 627.404(1) (emphasis added);

*Wells Fargo Bank, N.A. v. Pruco Life Ins.,* 200 So. 3d 1202, 1205 (Fla. 2016); *Wilmington Trust,*

2018 WL 6308687 at *5.   Thus, Plaintiff cannot recover under Florida law because Krinsky had

an insurable interest in his own life when the Policy was issued.  *Wells Fargo. Bank,* 200 So. 3d

at 1204; see *also Wilmington Trust,* 2018 WL 6308687 at ** 3-5.

Similarly, Delaware law allows a person to obtain a policy on his or her own life with the

intent to immediately transfer the policy.  *PHL Var. Ins. Co. v. Price Dawe 2006 Ins. Tr., ex. rel.*

*Christiana Bank and Tr. Co.,* 28 A.3d 1059, 1068 (Del. 2011).   Here, the Complaint asserts a

series of conclusions, upon information and belief, about transactions generally and Deutsche

Bank's alleged practices.   Compl. ¶¶ 24-30.  It does not, however, allege any specific facts about

the Policy at issue.  Such "[t]hreadbare recitals of the elements of" a typical transaction are not

---

[6] The definition of "insurable interest" set forth in Section 627.404(2)(b) was "intended to clarify
current Florida law relating to insurable interests." SB 648 at p. 1 (March 11, 2008).

Firm:55628776v1

sufficient to state a claim.  *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 555).  Thus, even

under Delaware law, the Complaint lacks sufficient factual content to allow the Court "to

scrutinize the circumstances under which the policy was issued," as required by Delaware law.

*PHL Var. Ins. Co.,* 28 A.3d at 1076.  The Complaint thus fails to state a claim.

> **d.      The Complaint Does Not Allege Facts That Allow a Reasonable Inference that LexServ is Liable for the Death Benefit**

Finally, even if the Florida Statute applied retroactively or the Delaware Statute applied

at all, and they do not, the Complaint fails because it does not allege facts that allow a reasonable

inference that LexServ has any liability for the death benefit.  *Iqbal*, 556 U.S. at 678; *Hunt*, 814

F.3d at 1221.  The Florida and Delaware Statutes allow an estate to bring an action against the

actual "beneficiary, assignee or payee" who receives a benefit "from the insurer."  Fla. Stat. §

627.404(4); 18 Del. Code § 2704(b); *Estate of Malkin,* 379 F. Supp. 3d at 1279.   However,

Plaintiff has *admitted that LexServ did not receive the death benefit*.  Compl. ¶ 32.   Hence,

Plaintiff has no statutory claim against LexServ.

Indeed, this Court has already rejected the notion that the Delaware Statute allows

recovery against any party other than the actual recipient of the death benefit.  In *Estate of

Malkin,* this Court held that the Statute "defines the terms of the Estate's success or failure."  379

F. Supp. 3d at 1273.  It therefore found that an estate may bring a claim against *the actual

recipient* of the death benefit.  The Court observed that if a securities intermediary, "after

receiving the Policy proceeds, merely passed them on in full to [the investor or owner], [the

securities intermediary] *would appear to have no liability under*" the statute.  *Estate of Malkin,*

379 F. Supp. 3d at 1279 (emphasis added).   Rather, only a party that "retain[s] any of the

proceeds for itself" is a "payee" that has liability under the statute.  *Id.*

Here, the Complaint *does not* allege that LexServ actually received, much less retained, the death benefit.  To the contrary, the Complaint expressly alleges that "the death benefit eventually *was credited to Deutsche Bank itself*."  Compl. ¶ 32(emphasis added).  The Complaint thus admits that LexServ did not receive or keep the death benefit.   This admission is fatal to the Complaint against LexServ because the Florida and Delaware Statutes only authorize a claim for recovery of the death benefit only against "the person receiving them."  Fla. Stat. § 627.404(4); 18 Del. Code § 2704(b); *Estate of Malkin,* 379 F. Supp. 3d at 1279.  The Court should therefore dismiss the Complaint against LexServ because it does not contain sufficient factual content to "nudge[] [its] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570; *Iqbal,* 556 U.S. at 679; *Hunt,* 814 F.3d at 1221.

### 3.    Plaintiff Cannot Resuscitate its Fatally Flawed Statutory Claim by Asserting that LexServ is Vicariously Liable for the Payee

In an effort to resuscitate its fatally flawed Complaint against LexServ, Plaintiff alleges that "even if [LexServ] *never received the death benefit,"* it is entitled to a judgment against LexServ in an amount equal to the death benefit "on a theory of vicarious liability."  Compl. ¶ 41. Plaintiff's attempt to state a vicarious liability claim also fails.  Indeed, Plaintiff's vicarious liability theory is contrary to the plain language of the very statutes that create its right of action. Further, the doctrine of vicarious liability makes a principal liable for the torts of its agent, but it does not make an agent liable for the torts of a principal.

As explained above, this Court has already held that when an estate brings a claim pursuant to the Delaware Statute, the statute itself "defines the terms of the Estate's success or failure." *Estate of Malkin,* 379 F. Supp. 3d at 1273.  The Delaware Statute authorizes an Estate to "maintain an action *to recover such benefits from the person so receiving them*."  18 Del. Code § 2704(b)(emphasis added).  Similarly, the Florida Statute allows an Estate to "maintain an action

*to recover such benefits from the person receiving them*."   Fla. Stat. Ann. § 627.404(4).   Thus, the plain language of both Statutes unambiguously limits the cause of action to claims against the recipient of the death benefit only.  *Estate of Malkin,* 379 F. Supp. 3d at 1279.

Under settled rules of statutory construction and "'the plain meaning of the statutory language controls.'"*PHL Var. Ins. Co.,* 28 A.3d at 1070; *accord Am. Bankers Ins. Group v. U.S.*, 408 F. 3d 1328, 1332 (11th Cir. 2005) ("words are given their ordinary, plain meaning unless defined otherwise.").   The plain and unambiguous language of the Delaware and Florida Statutes leave "no room for judicial interpretation" that expands the statutory cause of action to authorize recovery against parties that did not receive the death benefit.  *PHL Var. Ins. Co.,* 28 A.3d at 1070; *Am. Bankers Ins. Group.,* 408 F.3d at 1332.   Hence, Plaintiff cannot invoke the common law doctrine of vicarious liability to expand the categories of defendants in contravention of the plain and unambiguous limits contained in the language of the statute.

Furthermore, Plaintiff cannot, as a matter of law, invoke the doctrine of vicarious liability, to hold LexServ liable for the acts of its principal.  The common law doctrine of vicarious liability, which is reflected in Section 219(a) of the Second Restatement of Agency, provides that:  "a *master is subject to liability* for *the torts of his servants* committed while acting in the scope of their employment."  *Burlington Indus. Inc. v. Ellerth,* 524 U.S. 742, 755-756 (1998) (quoting the Restatement) (emphasis added).  Thus, the common law doctrine of vicarious liability allows the principal to be held liable for the acts of its agent, but not vice versa.   This is the law in both Florida and Delaware.

Indeed, under Florida law, the doctrine of vicarious liability "demand[s] that a master be found liable for the negligent acts of his agent."  *Crowell v. Clay Hyder Trucking Lines, Inc*., 700 So. 2d 120, 125 (Fla. 2d DCA 1997).  Further, "[t]he rationale for imposing vicarious liability is the [principal's] ultimate control over the servant." *Crowell*, 700 So. 2d at 125; *accord Noon v.*

17

*Carnival Corp.* 18-23181-CIV, 2019 WL 2254924, at \*5 (S.D. Fla. Feb. 1, 2019), *report and recommendation adopted* 2019 WL 3886543 (S.D. Fla. Feb. 20, 2019) (a claim of "vicarious liability requires 'control of the agent by the principal.'") *quoting Franza v. Royal Caribbean Cruises, Ltd.,* 772 F. 3d 1225, 1241 (11th Cir. 2014).  Similarly, under Delaware law, a principal is liable for the acts of an agent acting within the scope of his employment, provided there is a showing that the principal had the ability to control the agent.  *Fisher v. Townsends, Inc.,* 695 A.2d 53, 59 (Del. 1997).

Thus, Plaintiff cannot rely on the doctrine of vicarious liability to impose liability on LexServ because it was "acting as an agent for" the other defendants while "furthering their business interests."  Compl. ¶ 41.  This allegation, if true, may expose the other defendants to liability for LexServ's actions, but it would not and could not expose LexServ to liability for the other defendants' actions.  The Complaint thus improperly turns the doctrine of vicarious liability on its head and wrongly asserts that the doctrine can be used to hold the agent liable for the acts of the principal.  Compl. ¶ 41.  That is plainly not the law.  Plaintiff's effort to suggest otherwise is frivolous.  Plaintiff's vicarious liability claim against LexServ thus fails as a matter of law and should be dismissed.

## CONCLUSION

For the foregoing reasons and in accordance with Rule 12(b)(2) and Rule 12(b)(6), defendant LexServ respectfully requests the Court dismiss the Complaint for lack of personal jurisdiction and failure to state a claim upon which relief can be granted.

Dated: March 18, 2022                    Respectfully Submitted

*/s/ John Houston Pope*
John Houston Pope
Fla Bar No. 968595
Epstein Becker & Green PC

18

1 Beach Drive SE, Suite 303
St. Petersburg, FL 33701
Phone: 212.351.4500
Fax:     212.878.8600

Janene M. Marasciullo (*pro hac vice*)
Epstein Becker & Green PC
875 Third Avenue
New York, NY 10017
Phone: 212.351.3700
Fax: 212.878.8600

Carol Faherty (*pro hac vice*)
Epstein Becker & Green PC
One Landmark Square
Stamford, CT 06901
Phone: 203.326.7408
Fax:203.326.7580
Email: cfaherty@ebglaw.com

Attorney for Defendant LexServ

Firm:55628776v1