UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

_____

ESTATE OF SEYMOUR KRINSKY,
By Its Personal Representative, Sharon Brown,

                Plaintiff,

    v.

THE GIII ACCUMULATION TRUST, SEYMOUR
KRINSKY INSURANCE TRUST, and MLF
LEXSERV LP,

                Defendants.

_____

Case No. 22-cv-80059-AHS

## DECLARATION OF MARIO CONIGLIO

Pursuant to 28 U.S.C. § 1746, MARIO CONIGLIO, being duly sworn, deposes and says:

1. I am over eighteen years of age and have personal knowledge of the facts set forth below.

2. I am the President of Life Settlement Servicing of defendant, LexServ LLC, which Plaintiff has incorrectly identified as MLF LexServ, LP ("LexServ").

3. I have been employed by LexServ and have directed its operations since the company was formed in 2006.

4. LexServ is incorporated in Delaware and has its principal place of business in Bethesda, Maryland.

5. LexServ does not have an office or any employees in Florida.

6. LexServ was the servicer for one policy insuring the life of Seymour Krinsky (the Krinsky Policy).

1

7. LexServ is not the owner, beneficiary, or assignee of any life insurance policies itself.

8. Rather, LexServ is a servicer and, as such, performs services on behalf of policy owners and/or policy beneficiaries.

9. As a servicer, LexServ communicates with the insureds, like Mr. Krinsky, or the insureds' designated representatives, to obtain updated medical record authorizations and to ensure that contact information is current. In addition, LexServ identifies when an insured has passed away.

10. When LexServ learns that a person insured by a policy serviced by LexServ has passed away, LexServ will generally obtain a death certificate on behalf of the policy owner and/or beneficiary, which submits a claim for the death benefit. The insurer pays the death benefit directly to the policy beneficiary and/or policy owner. The insurer does not pay the death benefit to LexServ.

11. LexServ did not own the Krinsky Policy.

12. LexServ was never the owner, beneficiary, assignee, or payee under the Krinsky Policy.

13. LexServ never received or held the death benefit or any other benefit on the Krinsky Policy.

14. This is consistent with LexServ's practices as a servicer. To the best of my recollection, an insurer has never paid a death benefit to LexServ under an insurance policy that LexServ serviced. Insurers pay the death benefit to the beneficiaries of the policy. LexServ does not receive the death benefit – or any benefit – under any policy that it services.

15. Contrary to the allegations in Paragraph 21 of the Complaint, there is nothing on LexServ's website that suggests otherwise. The portion of the website that states that LexServ "collected" $4 billion is actually entitled "Proven Life Insurance Portfolio Services," and it states: "We Maximize *Your* Asset Value." (emphasis added). The word "Your" refers to the policyowner and/or beneficiary. Ex. A. LexServ's website can be found here: https://www.mlflexserv.com/

16. I believe that Plaintiff's counsel knows this. Last year, I signed a declaration explaining LexServ's business and this very language from LexServ's website. I also stated that LexServ does not own insurance policies and is not the beneficiary of any policies. Finally, I explained that LexServ has no offices or employees in Florida. That declaration is attached as Ex. B.

17. I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 17, 2022

_____
Mario Coniglio