UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:22-cv-80059-AHS

ESTATE OF SEYMOUR KRINSKY,
By Its Personal Representative, Sharon Brown,

    Plaintiff,

v.

THE GIII ACCUMULATION TRUST, et al.,

    Defendants.

_____/

## ANSWER OF THE GIII ACCUMULATION TRUST

Defendant The GIII Accumulation Trust ("GIII"), by its undersigned counsel, hereby responds to the January 11, 2022 Complaint by the Estate of Seymour Krinsky, by its personal representative, Sharon Brown ("Plaintiff"), as follows:

### INTRODUCTION

1.     GIII denies the allegations in paragraph 1 of the Complaint and avers that GIII never obtained any interest in any insurance policy on the life of Seymour Krinsky or received the proceeds of any such policy.

2.     GIII denies the allegations in paragraph 2 of the Complaint and avers that GIII never obtained any interest in any insurance policy on the life of Seymour Krinsky or received the proceeds of any such policy.

3.     GIII denies the allegations in paragraph 3 of the Complaint and avers that GIII never obtained any interest in any insurance policy on the life of Seymour Krinsky or received the proceeds of any such policy.

4. GIII admits that Plaintiff filed this action seeking the proceeds of a purported insurance policy on the life of Seymour Krinsky, but GIII otherwise denies the allegations of paragraph 4 of the Complaint and avers that GIII never obtained an interest in any insurance policy on the life of Seymour Krinsky or received the proceeds of any such policy.

## PARTIES

5. GIII is without knowledge sufficient to admit or deny the allegations in paragraph 5 of the Complaint and denies such allegations on that basis.

6. GIII admits that it is a Delaware statutory trust with its principal place of business in Delaware, that it can sue and be sued in its own name, and that it is administered by its trustee in Delaware. GIII further admits that its current beneficiary is DBAH Capital, LLC. GIII is without information sufficient to admit or deny how DBAH Capital, LLC is operated and denies such allegations on that basis.

7. GIII is without knowledge sufficient to admit or deny the allegations in paragraph 7 of the Complaint and denies such allegations on that basis.

8. GIII is without knowledge sufficient to admit or deny the allegations in paragraph 8 of the Complaint and denies such allegations on that basis.

## JURISDICTION AND VENUE

9. Paragraph 9 of the Complaint states a legal conclusion and contains jurisdictional allegations to which no response is required. To the extent a response is required, GIII lacks information sufficient to admit or deny the allegations in paragraph 9 and denies such allegations on that basis.

10. Paragraph 10 of the Complaint states a legal conclusion and contains jurisdictional allegations to which no response is required. To the extent a response is required, GIII denies the

allegations directed at GIII and avers that GIII never obtained an interest in any insurance policy on the life of Seymour Krinsky or received the proceeds of any such policy.

11. Paragraph 11 of the Complaint states a legal conclusion and contains jurisdictional allegations to which no response is required. To the extent a response is required, GIII lacks information sufficient to admit or deny the allegations in paragraph 11 and denies such allegations on that basis.

12. Paragraph 12 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, GIII lacks information sufficient to admit or deny the allegations in paragraph 12 and denies such allegations on that basis.

## FACTS COMMON TO ALL CLAIMS

13. Paragraph 13 of the Complaint states a legal conclusion to which no response is required. To the extent paragraph 13 contains allegations directed to GIII, those allegations are denied.

14. Paragraph 14 of the Complaint contains allegations of a general nature that are not directed to GIII. To the extent paragraph 14 contains allegations directed to GIII, those allegations are denied.

15. Paragraph 15 of the Complaint contains allegations of a general nature that are not directed to GIII. To the extent paragraph 15 contains allegations directed to GIII, those allegations are denied.

16. Paragraph 16 of the Complaint contains allegations of a general nature that are not directed to GIII. To the extent paragraph 16 contains allegations directed to GIII, those allegations are denied.

17. Paragraph 17 of the Complaint contains allegations of a general nature that are not directed to GIII. To the extent paragraph 17 contains allegations directed to GIII, those allegations are denied.

18. Paragraph 18 of the Complaint states a legal conclusion and contains allegations of a general nature that are not directed to GIII. To the extent paragraph 18 contains allegations directed to GIII, those allegations are denied.

19. Paragraph 19 of the Complaint contains allegations of a general nature that are not directed to GIII. To the extent paragraph 19 contains allegations directed to GIII, those allegations are denied.

20. Paragraph 20 of the Complaint contains allegations of a general nature that are not directed to GIII. To the extent paragraph 20 contains allegations directed to GIII, those allegations are denied.

21. GIII admits that its current beneficiary is DBAH Capital, LLC but otherwise GIII denies the allegations of paragraph 21 of the Complaint to the extent directed at GIII and is without sufficient information to admit or deny the other allegations of paragraph 21 and denies such allegations on that basis.

22. Paragraph 22 of the Complaint states a legal conclusion to which no response is required and contains allegations of a general nature that are not directed to GIII. To the extent paragraph 22 contains allegations directed to GIII, those allegations are denied.

23. Paragraph 23 of the Complaint states a legal conclusion to which no response is required and contains allegations of a general nature that are not directed to GIII. To the extent paragraph 23 contains allegations directed to GIII, those allegations are denied.

24. Paragraph 24 of the Complaint contains allegations of a general nature that are not directed to GIII. To the extent paragraph 24 contains allegations directed to GIII, those allegations are denied.

25. Paragraph 25 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, GIII denies the allegations of paragraph 25 and avers that GIII never obtained an interest in any insurance policy on the life of Seymour Krinsky.

26. Paragraph 26 of the Complaint states a legal conclusion to which no response is required and contains allegations of a general nature that are not directed to GIII. To the extent paragraph 26 contains allegations directed to GIII, those allegations are denied and GIII avers that it never obtained an interest in any insurance policy on the life of Seymour Krinsky.

27. Paragraph 27 of the Complaint contains allegations of a general nature that are not directed to GIII. To the extent paragraph 27 contains allegations directed to GIII, those allegations are denied.

28. Paragraph 28 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, GIII denies the allegations of paragraph 28 to the extent directed to GIII and otherwise lacks knowledge sufficient to admit or deny the allegations in paragraph 28 and denies such allegations on that basis.

29. Paragraph 29 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, GIII denies the allegations in paragraph 29 and avers that GIII never obtained an interest in any insurance policy on the life of Seymour Krinsky

30. GIII denies the allegations in paragraph 30 of the Complaint and avers that GIII never obtained the beneficial interest in the Seymour Krinsky Insurance Trust.

31. GIII is without knowledge sufficient to admit or deny the allegations in paragraph 31 of the Complaint and denies such allegations on that basis.

32. GIII denies the allegations in paragraph 32 of the Complaint to the extent directed to GIII and avers that GIII never obtained an interest in any insurance policy on the life of Seymour Krinsky or received the proceeds of any such policy. GIII is without knowledge sufficient to admit or deny the allegations in paragraph 32 directed to other defendants and denies such allegations on that basis.

**FIRST CAUSE OF ACTION: RECOVERY OF INSURANCE PROCEEDS DUE TO A LACK OF INSURABLE INTEREST**

33. GIII repeats its responses in paragraphs 1-32 above and incorporates such responses fully by reference.

34. Paragraph 34 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, GIII denies the allegations of paragraph 34 and avers that GIII never obtained an interest in any insurance policy on the life of Seymour Krinsky.

35. Paragraph 35 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, GIII denies the allegations of paragraph 35 and avers that GIII never obtained an interest in any insurance policy on the life of Seymour Krinsky.

36. Paragraph 36 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, GIII denies the allegations of paragraph 36 and avers that GIII never obtained an interest in any insurance policy on the life of Seymour Krinsky.

37. Paragraph 37 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, GIII denies the allegations of paragraph 37 and avers that GIII never obtained an interest in any insurance policy on the life of Seymour Krinsky.

38. Paragraph 38 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, GIII denies the allegations of paragraph 38 and avers that GIII never obtained an interest in any insurance policy on the life of Seymour Krinsky.

39. GIII denies the allegations of paragraph 39 of the Complaint and avers that GIII never obtained an interest in any insurance policy on the life of Seymour Krinsky or received the proceeds of any such policy.

40. Paragraph 40 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, GIII denies the allegations of paragraph 40 and avers that GIII never obtained an interest in any insurance policy on the life of Seymour Krinsky or received the proceeds of any such policy.

41. Paragraph 41 of the Complaint states a legal conclusion to which no response is required and is not directed to GIII. To the extent a response is required, GIII denies the allegations of paragraph 41 and avers that GIII never obtained an interest in any insurance policy on the life of Seymour Krinsky or received the proceeds of any such policy.

42. The WHEREFORE clause following Paragraph 41 of the Complaint states legal conclusions or otherwise provides characterizations of Plaintiff's Complaint to which no response is required. To the extent that the WHEREFORE clause following paragraph 41 makes factual allegations against GIII, those allegations are denied and GIII otherwise denies that Plaintiff is entitled to the relief Plaintiff seeks.

WHEREFORE, GIII prays that the Court enter judgment:

   A. Denying Plaintiff any relief from GIII;

   B. Granting GIII its costs of suit, expenses, and attorney's fees expended and incurred herein, with post and pre-judgment interest; and,

      C.  Granting GIII such other and further relief as the Court deems just and appropriate.

Dated:   May 3, 2022

                                  *s/ Jared M. DuBosar*
Matthew Triggs
Florida Bar No. 865745
Jared M. DuBosar
Florida Bar No. 1011630
PROSKAUER ROSE LLP
2255 Glades Road, Suite 421A
Boca Raton, FL 33431
Tel: (561) 241-7400
Fax: (561) 241-7145
E-Mail: mtriggs@proskauer.com
E-Mail: jdubosar@proskauer.com
Secondary: florida.litigation@proskauer.com

John E. Failla*
Nathan R. Lander*
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: jfailla@proskauer.com
E-mail: nlander@proskauer.com

*Application for admission *pro hac vice* to be sought.

*Attorneys for Defendant The GIII Accumulation Trust*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 3, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

>*/s Jared M. DuBosar*
>JARED DUBOSAR